■ KATHERINE J. HEUER, as Administratrix of the Estate of ROBERT W. HEUER, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents.— The plaintiff in an action to recover damages for personal injuries sustained in 1947, died in 1951. His widow and administratrix moved to be substituted as plaintiff and for permission to file an amended complaint, alleging that the injuries received in 1947 resulted in his death, increasing the demand for damages from $100,000 to $125,000, and pleading a new cause of action for $125,000 damages for wrongful death. The motion was granted with respect to the substitution but was denied with respect to the service of the amended complaint. The appeal is from the order insofar as it denied leave to serve the amended complaint. Order, insofar as appealed from, affirmed, without costs, and without prejudice to a further application for the same relief upon a proper showing, if possible, of the causal relationship between the injuries received in 1947 and the death occurring in 1951. It is not denied that the intestate's death resulted from his voluntarily taking poison. There is nothing to show that that act had any connection with the injuries allegedly sustained more than four years prior thereto. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to modify the order appealed from so as to provide that the motion to serve the amended pleading be granted. Appellant has an absolute and unqualified right, under the statute (Decedent Estate Law, § 120) to enlarge the complaint to include the cause of action for wrongful death. The cause of death should await determination by the triers of the facts. It is sufficient for the present

that the death of the intestate is alleged to have been caused by the negligence complained of.